Filed 1/22/16  P. v. Benites CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C078380 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF-08-2607) |
| v. | |
| ALEXANDER FRANK BENITES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Alexander Frank Benites has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment, with an instruction to the trial court to correct the abstract of judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On April 9, 2008, defendant was released from prison. The next day, he reported to his parole officer in Woodland. Defendant was required to register as a sex offender pursuant to Penal Code section 290.[1] Because he was a high-risk sex offender, he was required to wear a global positioning system (GPS) tracking device on his ankle as a special condition of parole and live no closer than 2,000 feet of a school or park. (§ 3003.5, subd. (b).) The parole officer advised defendant about charging the tracking device and that if he lost, stole, or damaged the tracking system, he could be charged with grand or petty theft. Defendant signed the special condition, stating that he understood the condition and directions for charging the tracking device. Parole approved of and paid for defendant's placement at Granada Motel where defendant met his parole officer on April 23, 2008. The next day, defendant was required to pay for his own lodging. Defendant was advised that in the event he became homeless, he had to advise his parole officer. The next day, defendant became homeless and called the parole officer who instructed defendant to go to the parole office to sign additional paperwork. He did not comply with that instruction and removed his tracking device, leaving it on a bus. A bus driver recovered the device but the battery charger was not found on the bus. The strap on the device had been torn or cut. The replacement cost for the device and charger was $1,500 and $50, respectively. Although defendant had registered on April 15, 2008, he did not reregister as homeless after April 24, 2008. On May 6, 2008, defendant turned himself in.

A complaint filed May 8, 2008, charged defendant with failing to register as a sex offender (§ 290.018) and petty theft with a prior (§ 666). It was further alleged that defendant had a strike prior (§ 667, subds. (b)-(i)) and three prior prison terms (§ 667.5, subd. (b)).

---

[1] Undesignated statutory references are to the Penal Code.

After a preliminary hearing, an information filed January 2, 2009, charged defendant with the same offenses and enhancements as in the complaint and added a charge of grand theft. (§ 487.)

More than three years later, on April 25, 2012, after the trial court struck the strike prior (§ 1385), defendant entered a plea of no contest to failing to register, grand theft, and petty theft, as amended to be a misdemeanor based on the change in law requiring three prior theft-related convictions. He also admitted the three prior prison terms.[2]

On May 11, 2012, the trial court imposed an aggregate state prison sentence of six years eight months. The trial court imposed the upper term of three years for failing to register, a consecutive one-third the midterm or eight months for grand theft, plus one year each for the three prior prison terms. The court dismissed the misdemeanor petty theft offense as a lesser included offense of grand theft. The court then suspended execution of the sentence and placed defendant on probation for a term of three years.[3]

A declaration filed July 30, 2012, alleged that defendant violated probation by failing to keep probation informed of his residence, to appear for a meeting, and to register. A bench warrant was issued for his arrest.

---

[2] In 2008, defendant was charged with violating section 487, "grand theft when [the] value exceeds $400." The Legislature amended section 487, subdivision (a) to define grand theft as involving property worth more than $950. (Stats. 2010, ch. 693, § 1.) Defendant would be entitled to the benefit of the change in the law. (*People v. Wade* (2012) 204 Cal.App.4th 1142, 1150-1151.) We conclude beyond a reasonable doubt that defendant's conviction for grand theft as amended is supported by sufficient evidence. In entering his plea, defendant stipulated to the evidence adduced at the preliminary hearing as the factual basis for his plea. The testimony at the preliminary hearing reflects that the value of the GPS tracking device and charger was $1,550.

[3] Defendant also entered a no contest plea to a misdemeanor petty theft of retail merchandise in case No. 12-1855. The court sentenced defendant to one day in jail and a $250 fine.

When defendant appeared on February 21, 2013, he faced a new charge of petty theft with priors and enhancements (case No. 12-3053). On March 28, 2013, defendant admitted violating probation in the current case and entered a plea of no contest to the petty theft offense and admitted the case enhancements in the new case. The trial court reduced the new petty theft offense to a misdemeanor pursuant to section 17, subdivision (b) and imposed 120 days. The court reinstated defendant on probation in the current case and imposed 120 days in jail consecutive to the new case. The court ordered defendant to complete a one-year residential program. Once placed in a program, the trial court ordered the jail time stayed. Defendant waived custody credits while in a residential program.

Probation was unable to find a residential program for someone required to register as a sex offender. On April 11, 2013, the court released defendant on his own recognizance pending placement and ordered him to attend five AA or NA (Alcoholics Anonymous/Narcotics Anonymous) meetings per week and to participate in random drug testing.

A declaration filed May 2, 2013, alleged defendant violated probation by failing to register, to meet with the probation officer, and to attend court.

An addendum to the declaration filed on November 19, 2014, alleged that defendant had been convicted on March 27, 2014, of possession of heroin with priors (Health & Saf. Code, § 11350, subd. (a)) in Sacramento County.[4] After a hearing, the court found defendant in violation of probation.

On January 14, 2015, the court lifted the suspension on the previously imposed sentence of six years eight months and, in the Sacramento case, resentenced defendant to

---

[4] Defendant appealed in Sacramento County case No. 13F03242 and the judgment was affirmed. (*People v. Benites* (Jan. 28, 2015, C076381) [nonpub. opn.].)

a consecutive one-third the midterm or eight months for the possession of heroin offense and stayed the terms imposed for the same prior prison terms. Defendant's total prison sentence was seven years four months. The court also terminated misdemeanor probation in case No. 12-3053 as unsuccessful.

Defendant appeals. The trial court granted his request for a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

We note errors in preparation of the amended abstract of judgment filed May 5, 2015. In 2012, defendant entered a no contest plea to failing to register and grand theft and admitted three prior prison term allegations after the trial court dismissed the strike prior pursuant to section 1385. The abstract erroneously reflects defendant was sentenced with a strike prior (box checked at item 4). Also, the trial court confirmed the custody credits awarded in the Sacramento case (190 actual days plus 190 conduct days for a total of 380 days of presentence custody credit) as well as the restitution fines but the credits and fines do not appear on the amended abstract.[5] We will order the abstract corrected accordingly. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

---

[5] Defense appellate counsel wrote the trial judge, requesting correction of the abstract to delete reference to the strike prior and to reflect the 380 days. A corrected abstract or response from the trial court is not included in the record on appeal.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court is ordered to prepare a corrected abstract of judgment reflecting defendant's full name as used herein, deleting reference to the strike prior, and reflecting the custody credits and fines in the Sacramento case, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

                                                              BUTZ                , Acting P. J.

We concur:

        DUARTE         , J.

        HOCH          , J.

6